IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS JOHN RALEY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-23-2845 |
| WARDEN OF FCI CUMBERLAND, | * | |
| Respondent. | * | |

*\*\**

## MEMORANDUM OPINION

THIS MATTER is before the Court on self-represented Petitioner Thomas John Raley's Petition for Writ of Habeas Corpus (ECF Nos. 1, 7), and Respondent Warden of FCI Cumberland's Motion to Dismiss the Petition as Moot (ECF No. 10). The Motion and the Petition are ripe for disposition, and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 1(b), 8; Local Rule 105.6 (D.Md. 2023). For the reasons set for the below, the Court will grant Respondent's Motion and dismiss the Petition as moot.

### I.   BACKGROUND

**A.   Factual Background**

Upon filing the Petition, Raley was a federal inmate serving a sentenced imposed by the U.S. District Court for the Eastern District of Virginia in Case No. 1:21-CR-00246-001. (Pet. for Writ of Habeas Corpus ["Pet."] at 2, ECF No. 1.). Raley seeks to have this Court "[r]equire the BOP to honor the First Step Act of 2018" and provide him with his projected release date, which Raley asserts should include his pre-release custody. (Id. at 8.). Raley asserts that the Bureau of Prisons ("BOP") is not following First Step Act

("FSA") policy to calculate inmates' Projected Release Date ("PRD") which delays their movement to halfway houses. (Certificate of Service at 1, ECF No. 1-1). Raley supplemented his Petition seeking release to home confinement no later than December 21, 2023. (Am. Expedited Pet. for Writ of Habeas Corpus ["Am. Pet."] at 1, ECF No. 7.). He asserts that based on his good time credits, FSA credits, and Residential Drug and Alcohol Treatment Program ("RDAP") credits, his PRD should be April 21, 2024, but because BOP has failed to timely calculate his PRD, his release date remains July 20, 2024. (Id. at 2.). Raley states that he must complete 120 days in home confinement to complete the community-based portion of RDAP. (Id.).

In response to the Petition, Respondent filed an Answer stating that Raley was sentenced to thirty-six months' incarceration to be followed by three years of supervised release for conspiracy to receive healthcare kickbacks and conspiracy to commit wire fraud. (Misty Shaw Decl. ¶ 5, ECF No. 8-1.). His final statutory release date is November 2, 2024, but with FSA and RDAP credit, his conditional projected release date is July 5, 2024. (Id.).

Upon designation to the BOP on January 13, 2023, Raley's risk level was evaluated under the Prisoner's Assessment Targeting Estimated Risk and Needs ("PATTERN"). (Mark Joseph Decl. ¶ 3, ECF No. 8-2). Raley was deemed a minimum risk inmate and eligible to receive FSA time credits applied towards his release. (Id.). As an inmate enrolled in RDAP, Raley is also eligible for early release, the amount of time is determined based on the length of an inmate's sentence; for a sentence of 36 months, Raley could not be credited more than nine months off his sentence. (Id. ¶ 5).

B.     **Procedural History**

Raley filed the original Petition on October 19, 2023, (ECF No. 1), and he filed a supplement to the Petition on December 1, 2023, (ECF No. 7.). Respondent answered the Petition on December 18, 2023, asserting that Raley failed to exhaust his administrative remedies. (ECF No. 8.). After Raley was released to home confinement, Respondent filed the instant Motion to Dismiss as Moot on January 8, 2024. (ECF No. 10). Raley filed an Opposition on February 2, 2024, (ECF No. 13), and Respondent filed a Reply on February 15, 2024, (ECF No. 14).

## II.     DISCUSSION

Respondent moves to dismiss the Petition as moot because Raley was transferred to home confinement under the supervision of the Baltimore Residential Reentry Office on January 4, 2024. (Mot. Dismiss at 2, ECF No. 10). Since the filing of the pending Motion, Raley was released from custody on May 2, 2024. See BOP Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited June 17, 2024).

A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (internal quotations omitted). "[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). A petition under 28 U.S.C. § 2241 is not rendered moot simply because a petitioner is released from

incarceration. "A case becomes moot only when it is <u>impossible</u> for a court to grant <u>any</u> effectual relief whatever to the prevailing party." <u>United States v. Ketter</u>, 908 F.3d 61, 65 (4th Cir. 2018) (quoting <u>Knox v. Serv. Emps. Int'l Union, Local 1000</u>, 567 U.S. 298, 307 (2012)). If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act." <u>Spencer</u>, 523 U.S. at 18.

Raley, at the time he filed his Petition, was seeking to have the date of his transfer to home confinement and his ultimate release date moved forward. As such, Raley's home confinement claim became moot on January 4, 2024, when he was moved to home confinement and his request for release became moot on May 2, 2024, when Raley was released from BOP custody. Raley sought relief impacting the length of his term of incarceration, but as of May 2, 2024, that "remedy [would] have no such effect" because he has already been released. <u>See</u> <u>Jones v. Bolster</u>, 850 F.App'x 839, 839–40 (4th Cir. 2021) (finding a petitioner's request for immediate release and restoration of good time credits moot after his release from incarceration). In sum, because Raley was transferred to home confinement and later released from BOP custody, the Court cannot effectively grant Raley any of the relief he requested.

### III.   CONCLUSION

For the reasons set forth above, Respondents' Motion to Dismiss the Petition as Moot (ECF No. 10) is granted, and Raley's Petition (ECF No. 1) will be dismissed as moot.

A separate Order follows.

                                                /s/
                                    George L. Russell, III
                                    United States District Judge